a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANRI GOGOLADZE #A226-023-247,          CIVIL DOCKET NO. 1:25-CV-01550
Petitioner                                                  SEC P

VERSUS                                                      JUDGE EDWARDS

LASALLE ICE PROCESSING          MAGISTRATE JUDGE PEREZ-MONTES
CENTER,
Respondent

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Anri Gogoladze ("Gogoladze"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.  Gogoladze challenges the legality of his continued detention.  ECF No. 1.

Because Gogoladze establishes entitlement to relief, the Petition should be GRANTED.

I.    Background

Gogoladze is a native and citizen of Georgia who entered the United States illegally on May 5, 2024, near San Ysidro, California.  ECF No. 18-1 at 1.  On June 18, 2024, Gogoladze was served with a form I-862, Notice to Appear, charging him as inadmissible under 8 U.S.C. §212(a)(7)(A)(i)(I).  *Id.*

Gogoladze filed an I-589 application for relief, specifically seeking asylum, withholding, or protection under the Convention Against Torture ("CAT").  On

1

November 1, 2024, the Immigration Judge granted withholding of removal from Georgia under section §241(b)(3) of the Immigration and Nationality Act.  ECF No. 18-2 at 1.  Gogoladze was ordered removed to France.  *Id.* at 3.

The Department of Homeland Security appealed the Immigration Judge's decision granting withholding of removal to Georgia, and Gogoladze cross-appealed the denial of asylum.  ECF No. 18-3 at 3-7.  The Board of Immigration Appeals denied and dismissed both appeals on May 15, 2025.  *Id.*

The Government alleges, without evidentiary support, that it has attempted to remove Gogoladze to France, Bahamas, Italy, and Canada, but all four countries refused to accept Gogoladze.  ECF No. 18 at 2.

II.    <u>Law and Analysis</u>

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  Under Section 1231(a)(6), "An alien ordered removed who is inadmissible[,] . . . removable[,] . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."

In *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001), the United States Supreme Court rejected the argument that the government could detain a removable noncitizen indefinitely.  The Court held that detention is limited to the period "reasonably necessary to secure removal."  *Id.* at 699.  Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Id.* at

699. The Supreme Court recognized that six months is a "presumptively reasonable period of detention." *Id.* at 701.

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Gogoladze's removal order became final on May 15, 2025, he has been detained beyond the presumptively reasonable period. So, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Gogoladze provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future. He identified a specific barrier to his repatriation. Specifically, Gogoladze was granted withholding of removal to Georgia, and France has refused to accept him. *See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025); *Trejo v. Warden of ERO El Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025); *Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, *1 (S.D. Tex. Aug. 15, 2025).

The Government provides no evidence to rebut Gogoladze's claim. In fact, there is nothing attached to its Response to verify or support the assertion that it is "currently seeking additional countries for third country removal." ECF No. 18 at 3. And its statement that France, Bahamas, Italy, and Canada all refused to accept

3

Gogoladze supports Gogoladze's claim that there is no significant likelihood of his removal in the reasonably foreseeable future.

Even if there was some support for the Government's argument, Gogoladze is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702. The Government asserts that every country identified has refused to accept Gogoladze, and there is no evidence of any pending requests for removal. It follows that the likelihood of Gogoladze being removed in the reasonably foreseeable future is not significant. Accordingly, his continued detention violates the Due Process Clause, as explained in *Zadvydas*.

## III.    Conclusion

Because there is no significant likelihood of Gogoladze's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Gogoladze be released under appropriate conditions. Additionally, IT IS RECOMMENDED that the Motion for Immediate Release (ECF No. 20) be DENIED as MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 12, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE